**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dean Haller, ) | CV 11-01381-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Wells Fargo Bank NA; World Savings ) Bank FSB; MTC Financial Incorporated, ) | |
| Defendants. ) | |

The court has before it plaintiff's motion requesting a stay pending appeal or alternatively a bond hearing (doc. 22) and Wells Fargo's response (doc. 25). Plaintiff did not file a reply in support of his motion requesting a stay, and the time for submitting a reply has expired.

Plaintiff filed this action in response to a trustee sale noticed on plaintiff's property in March 2011. The complaint asserted three counts for relief: (1) breach of contract, (2) accounting, and (3) quiet title. On September 29, 2011 we granted defendant MTC Financial's unopposed motion to dismiss and Wells Fargo's motion to dismiss (doc. 15). Plaintiff filed a notice of appeal.

Plaintiff moves for a stay of any trustee sale pending his appeal, or in the alternative to set a bond hearing to stay the sale. A stay, rather than directing conduct of third parties, acts to halt a portion of a judicial proceeding. Nken v. Holder, 556 U.S. 418, __, 129 S. Ct.

1749, 1758 (2009). Although there is "functional overlap" between a stay pending appeal and an injunction, a stay merely freezes the judicial status quo, while an injunction alters people's conduct. Id. The trustee sale that prompted plaintiff's original action was cancelled. See Response, ex. A. And our September 29, 2011 order dismissed the action in its entirety. Thus, at this time there is nothing left for us to halt or postpone. Rather than a stay, what plaintiff is truly seeking is an order from this court preventing Wells Fargo or any other third party from commencing a trustee sale on plaintiff's property while his appeal is pending. Accordingly, we construe plaintiff's motion as a request for an injunction.

Rule 62(c), Fed. R. Civ. P. permits a court to grant an injunction pending appeal from a final judgment on terms for bond that secures the other party's rights. Wells Fargo opposes the motion, arguing that plaintiff has not met his burden of proof to justify an injunction. When considering an injunction under Rule 62(c), we apply the same standard used to assess motions for preliminary injunctions. Tribal Vill. of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988). To obtain a preliminary injunction, plaintiff must show that (1) he will likely succeed on the merits, (2) he will likely suffer irreparable harm if an injunction is not granted, (3) the "balance of equities tips in his favor", and (4) there is a public interest in granting the injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008). Here, plaintiff has not made any showing that he satisfies the requirements for a preliminary injunction. The substantive portion of plaintiff's motion states, in its entirety, that "[p]laintiff requests the Court stay any trustee's sale of [p]laintiff's property pending the appeal, or in the alternative, [p]laintiff moves the Court to set a bond hearing to stay the sale." Mot. for Stay at 1. Plaintiff's request falls far short of the "clear showing" that the Supreme Court demands before the "extraordinary remedy" of injunctive relief is granted. Winter, 555 U.S. at 22, 129 S. Ct. at 376. Because plaintiff has not shown that an injunction pending appeal is warranted, a bond hearing is unnecessary. Plaintiff's motion is denied.

Wells Fargo filed a motion seeking an award of attorney's fees on October 13, 2011 (doc. 17), prior to plaintiff filing the instant motion. Wells Fargo asks to supplement its motion for attorney's fees to include the fees it incurred in responding to this motion. We

grant Wells Fargo's request.

**IT IS ORDERED DENYING** plaintiff's request for stay pending appeal (doc. 22).

**IT IS ALSO ORDERED GRANTING** Wells Fargo's request to supplement its motion for attorney's fees. Wells Fargo shall have up to and including seven days from the date of this order to supplement its motion for attorney's fees (doc. 17) by adding the fees that it incurred in responding to this motion.

DATED this 1st day of December, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge