**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dean Haller, ) | CV 11-01381-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Wells Fargo Bank NA; World Savings) | |
| Bank FSB; MTC Financial Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

The court has before it defendant Wells Fargo Bank's ("Wells Fargo") motion for attorneys' fees (doc. 17). Wells Fargo filed its motion for attorneys' fees, which included its memorandum in support of the motion in the same document, on October 13, 2011. Plaintiff's response had to be filed within fifteen days after service of the memorandum in support. LRCiv 54.2(b)(3). Plaintiff did not respond. Our order denying plaintiff's motion to stay, dated December 2, 2011, also granted Wells Fargo's request to supplement its motion for attorneys' fees by adding the costs it incurred in opposing the motion to stay (doc. 27). Wells Fargo filed its supplement on December 7, 2011 (doc. 28). Plaintiff has not filed a response or otherwise objected to Wells Fargo's memorandum in support of its motion for attorneys' fees or its supplement to its motion.

Wells Fargo argues that an award of fees is mandatory under the Deed of Trust between it and plaintiff, and should also be awarded under A.R.S. § 12-341.01. We agree

1  that this action falls within the scope of A.R.S. § 12-341.01.  This statute authorizes a court

2  to award attorney fees to the prevailing party in any action "arising out of a contract."  Id. §

3  12-341.01(A).  Here, plaintiff filed claims challenging Wells Fargo's authority to conduct a

4  trustee's sale under the deed of trust.  The rights and obligations of the parties under the deed

5  of trust are implicated by these claims, and thus the action arose out of contract.  A court is

6  not required to award the amount of attorney fees "actually paid," but may impose an award

7  of fees "to mitigate the burden of the expense of litigation."  Id. § 12-341.01(B).  We

8  consider several factors when deciding whether attorneys' fees should be granted, including

9  (1) the merits of the unsuccessful party's claims; (2) whether this action could have been

10  settled or avoided; (3) whether an award of fees would cause extreme hardship; (4) whether

11  the successful party prevailed on all claims; (5) whether the action involved novel legal

12  questions; and (6) whether an award of fees would discourage those with meritorious claims

13  from litigating them.  Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d

14  1181, 1184 (1985).

15       The Warner factors lead us to conclude that an award of attorneys' fees in this action

16  is warranted.  Some of plaintiff's claims were foreclosed by Arizona law, and in some cases

17  his allegations were contradicted by judicially recognized documents.  With respect to

18  hardship, Wells Fargo argues that the residence at issue is plaintiff's investment property

19  rather than his principal residence.  Even if that is correct, however, it is reasonable to

20  assume that if plaintiff could not pay a mortgage, an assessment of fees would work some

21  hardship.  Defendants prevailed on all claims, and the legal issues presented - breach of

22  contract, quiet title, and accounting - were not novel.  Lastly, an award of fees would not

23  discourage those with meritorious claims from filing a lawsuit.

24       Wells Fargo requests $21,634.50 in attorneys' fees, for a mortgage action it

25  characterizes as "frivolous and lack[ing] any basis in law or reality," Mot. at 5, that was

26  completely resolved on a motion to dismiss and a motion to stay pending appeal.  Wells

27  Fargo spent a total of 76.3 hours on this action. This included 15.3 hours spent responding

28  to a motion to stay the trustee's sale pending appeal that Wells Fargo argued consisted of a

"single sentence." (doc. 25 at 2). It staffed this action with two lawyers - including one partner - and one paralegal, with hourly rates ranging from $190.00 (for the paralegal) to $275.00 (for the associate) to $435.00 (for the partner). We think that 25 hours at $250.00 per hour is sufficient to dismiss a "frivolous" complaint with no novel legal issues, and respond to a motion to stay that "falls far below the high standard" required for the motion to be granted. Id. at 2. We discount the total by plaintiff's presumed hardship for a total award of $2,000.00.

**IT IS ORDERED GRANTING** Wells Fargo's motion for attorneys' fees (doc. 17). Wells Fargo is awarded $2,000.00 in fees.

DATED this 28th day of December, 2011.

*Frederick J. Martone*

Frederick J. Martone
United States District Judge

- 3 -